UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

Vrany Jesus,
and other similarly
situated individuals,

    Plaintiff(s),

v.

CMR Construction & Roofing, LLC,
Umana Construction LLC, and
Ervin Umana, individually,

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Vrany Jesus and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants CMR Construction & Roofing, LLC, Umana Construction LLC, and Ervin Umana, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Vrany Jesus is a resident of Palm Beach County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant CMR Construction & Roofing, LLC (from now on CMR Construction, or Defendant) is a Foreign Corporation authorized to perform business in Florida. Defendant has a place of business in Palm Beach County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. Defendant Umana Construction LLC (from now on Umana Construction, or Defendant) is a Florida Corporation doing business in Palm Beach County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

5. The individual Defendant Ervin Umana was and is now the owner/partner/officer and manager of Defendant corporation Umana Construction. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

6. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Corporate Defendants CMR Construction and Umana Construction are a joint enterprise and joint employers of Plaintiff.

7. All the actions raised in this Complaint took place in Palm Beach County, Florida, within this Court's jurisdiction.

General Allegations

8. This cause of action is brought by Plaintiff Vrany Jesus as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and

who worked more than forty (40) hours during one or more weeks on or after July 2022, (the "material time") without being adequately compensated.

9. Defendants CMR Construction and Umana Construction are construction and roofing contractors specializing in commercial and residential roof installations, maintenance, and repairs.

10. Corporate Defendants CMR Construction and Umana Construction worked on different projects in Palm Beach County, where Plaintiff and other similarly situated individuals worked.

11. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants C CMR Construction and Umana Construction are a joint enterprise because: 1) both companies have the same business activities; 2) both companies shared centralized management, equipment, and supplies; 3) Defendants operated as a single unit for a common business purpose; 4) between Defendants existed unified operation and common control, and they operated as a single unit; 5) Defendants shared a common business purpose, the profitable operation of the businesses; 6) Defendants had an interdependent financial interest; 7) and existed common ownership and management.

12. Pursuant 29 C.F.R. §791.2. Defendants CMR Construction and Umana Construction were joint employers because: 1) Corporate Defendants were equally responsible for the work done at the project, where Plaintiff and the other similarly situated employees worked; 2) Defendants, through their supervisors and owner/manager Ervin Umana had equal and absolute control over the Plaintiff and other employees similarly situated; 3) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) the work performed by

Plaintiff and other similarly situated individuals was an integral part of the business operation of Corporate Defendants; 5) Corporate Defendants had equal power to hire and to fire employees; 6) supervisor Damian LNU from CMR Construction and Individual Defendant Ervin Umana from Umana Construction, personally supervised schedules, and times records of Plaintiff and other similarly situated individuals.

13. Therefore, because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants CMR Construction and Umana Construction are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1).

14. Because Defendants CMR Construction and Umana Construction equally hired and fired employees, supervised and controlled Plaintiff's work schedules, and maintained employment records of Plaintiff and other similarly situated individuals, they are also joint employers as defined in 29 C.F.R. §791.2.

15. Defendants CMR Construction and Umana are also the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

16. Defendants CMR Construction and Umana Construction, hereinafter, will be called CMR Construction collectively.

17. Defendant CMR Construction was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction and roofing company that provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities

of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

18. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

19. Defendant CMR Construction and Ervin Umana employed Plaintiff Vrany Jesus as a non-exempted, full-time roof installer from approximately July 25, 2022, to October 05, 2022, or 10 weeks.

20. Plaintiff worked under the supervision of manager Ervin Umana from Umana Construction and supervisor Damian LNU (from CMR Construction).

21. During the relevant period, Plaintiff performed as a roofer, and he was paid a daily rate of $180.00.

22. While Plaintiff was employed by Defendants, he worked five weeks of 5 days of work and five weeks of 7 working days.

23. Plaintiff had a regular schedule, and in weeks of five days, he worked from Monday to Friday from 6:00 AM to 7:00 PM (13 hours daily). Plaintiff worked 65 hours weekly. Plaintiff was not able to take bonafide lunch periods.

24. Twice per month Plaintiff worked seven days per week, the same schedule from 6:00 AM to 7:00 PM (13 hours daily) or a total of 91 hours weekly.

25. Thus, during his employment with Defendants Plaintiff worked a total of five weeks with 65 working hours and five weeks with 91 working hours.

26. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

27. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

28. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

30. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours.

31. Plaintiff complained several times to his manager Ervin Umana about unpaid wages and overtime.

32. On or about October 05, 2022, Plaintiff complained about the lack of payment for regular hours and overtime hours. Plaintiff mentioned his legal rights regarding his wages. Ervin Umana got very upset, and he fired Plaintiff immediately.

33. At the time of his termination, Defendants refused to pay Plaintiff three weeks of work of 91 working hours each or the value of $3,780.00

34. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

35. At times mentioned, individual Defendant Ervin Umana was, and is now, the owner/partner/manager of Umana Construction. Defendant Ervin Umana was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in CMR Construction and Umana Construction's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Ervin Umana had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

36. Plaintiff Vrany Jesus seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

37. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

38. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

39. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>

40. Plaintiff Vrany Jesus re-adopts every factual allegation stated in paragraphs 1-39 above as if set out in full herein.

41. Defendant CMR Construction and Ervin Umana employed Plaintiff Vrany Jesus as a non-exempted, full-time roof installer from approximately July 25, 2022, to October 05, 2022, or 10 weeks.

42. Plaintiff worked under the supervision of manager Ervin Umana from Umana Construction and supervisor Damian LNU (from CMR Construction).

43. During the relevant period, Plaintiff performed as a roofer, and he was paid a daily rate of $180.00.

44. While Plaintiff was employed by Defendants, he worked five weeks of 5 days of work and five weeks of 7 working days.

45. Plaintiff had a regular schedule, and in weeks of five days, he worked a total of 65 hours weekly. Plaintiff was not able to take bonafide lunch periods.

46. Twice per month, Plaintiff worked seven days per week, the same schedule from 6:00 AM to 7:00 PM (13 hours daily) or a total of 91 hours weekly.

47. Thus, during his employment with Defendants, Plaintiff worked a total of five weeks with 65 working hours and five weeks with 91 working hours.

48. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

49. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

50. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

51. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

52. Plaintiff was fired on or about October 05, 2022, after he complained about unpaid wages.

53. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

54. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

56. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Two Thousand Six Hundred Thirty-Three Dollars and 40/100 ($2,633.40)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 10 week  
       Relevant weeks of employment: 10 weeks  
       Daily rate: $180.00 per day.

**1.- Overtime for 5 weeks with 65 working hours weekly**
Relevant weeks: 5 weeks
Total hours worked: 65 hours weekly
O/T unpaid hours: 25 O/T hours
Daily rate: $180.00 x 5 days = $900.00
Paid: $900.00: 65 hours=$13.85 an hour x 1.5=$20.78
O/T rate: $20.78- $13.85 O/T rate paid=$6.93 half-time difference
Half-time: $6.93

$6.93 x 25 O/T hours=$173.25 weekly x 5 weeks=$866.25

**2.- Overtime for 5 weeks with 91 working hours weekly**
Relevant weeks: 5 weeks
Total hours worked: 91 hours weekly
O/T unpaid hours: 51 O/T hours
Daily rate: $180.00 x 7 days = $1.260.00
Paid: $1,260.00: 91 hours=$13.85 an hour x 1.5=$20.78
O/T rate: $20.78- $13.85 O/T rate paid=$6.93 half-time difference
Half-time: $6.93

$6.93 x 51 O/T hours=$353.43 weekly x 5 weeks=$1,767.15

Total #1 and #2: $2,633.40

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid half-time overtime wages.[1]

57. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

58. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

59. Defendants CMR Construction and Ervin Umana willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

60. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Vrany Jesus and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Vrany Jesus and other similarly situated individuals and against the Defendants CMR Construction and Ervin Umana based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Vrany Jesus actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Vrany Jesus demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

61. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-39 of this Complaint as if set out in full herein.

62. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day, and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

63. Defendant CMR Construction and Ervin Umana employed Plaintiff Vrany Jesus as a non-exempted, full-time roof installer from approximately July 25, 2022, to October 05, 2022, or 10 weeks.

64. During the relevant period, Plaintiff performed as a roofer, and he was paid a daily rate of $180.00.

65. While Plaintiff was employed by Defendants, he worked five weeks of 5 days of work and five weeks of 7 working days.

66. Plaintiff had a regular schedule, and in weeks of five days, he worked a total of 65 hours weekly. Plaintiff was not able to take bonafide lunch periods.

67. Twice per month, Plaintiff worked seven days per week, the same schedule from 6:00 AM to 7:00 PM (13 hours daily) or a total of 91 hours weekly.

68. Thus, during his employment with Defendants, Plaintiff worked a total of five weeks with 65 working hours and five weeks with 91 working hours.

69. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

70. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

71. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours.

72. Plaintiff complained several times to his manager Ervin Umana about unpaid wages and overtime.

73. On or about October 05, 2022, Plaintiff complained about the lack of payment for regular hours and overtime hours. Plaintiff mentioned his legal rights regarding wages. Ervin Umana got very upset, and he fired Plaintiff immediately.

74. At the time of his termination, Defendants refused to pay Plaintiff three weeks of work of 91 working hours each or the value of $3,780.00.

75. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

76. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

77. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

78. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

79. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

80. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

81. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

82. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Two Thousand Seven Hundred Thirty Dollars and 00/100 ($2,730.00)

   b. <u>Calculation of such wages</u>:

       Total period of employment: 10 weeks
       Total number of unpaid weeks: 3 weeks
       Total number of unpaid hours: 91 hours weekly
       Fl Minimum wage 2022: $10.00

       $10.00 x 91 hours=$910.00 weekly x 3 weeks= $2,730.00

  c. <u>Nature of wages:</u>

    This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

83. Defendants CMR Construction and Ervin Umana unlawfully failed to pay minimum wages to Plaintiff.

84. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

85. Defendants CMR Construction and Ervin Umana willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

86. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Vrany Jesus respectfully requests that this Honorable Court:

  A. Enter judgment for Plaintiff and against the Defendants CMR Construction and Ervin

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

    Umana based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Vrany Jesus and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

<b><u>COUNT III:</u></b>
<b><u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u></b>
<b><u>PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS</u></b>

87. Plaintiff Vrany Jesus re-adopts every factual allegation stated in paragraphs 1-39 of this Complaint as if set out in full herein.

88. Defendant CMR Construction was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

89. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

90. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

91. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

92. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

93. Defendant CMR Construction and Ervin Umana employed Plaintiff Vrany Jesus as a non-exempted, full-time roof installer from approximately July 25, 2022, to October 05, 2022, or 10 weeks.

94. During the relevant period, Plaintiff performed as a roofer, and he was paid a daily rate of $180.00.

95. While Plaintiff was employed by Defendants, he worked five weeks of 5 days of work and five weeks of 7 working days.

96. Plaintiff had a regular schedule, and in weeks of five days, he worked a total of 65 hours weekly. Plaintiff was not able to take bonafide lunch periods.

97. Twice per month, Plaintiff worked seven days per week, the same schedule from 6:00 AM to 7:00 PM (13 hours daily) or a total of 91 hours weekly.

98. Thus, during his employment with Defendants, Plaintiff worked a total of five weeks with 65 working hours and five weeks with 91 working hours.

99. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

100. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

101. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

102. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

103. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours.

104. Plaintiff complained several times to his manager Ervin Umana about unpaid wages and overtime.

105. On or about October 05, 2022, Plaintiff complained about the lack of payment for regular hours and overtime hours.

106. This complaint constituted protected activity under the FLSA.

107. However, after Plaintiff mentioned his legal rights regarding wages, Ervin Umana got very upset and fired Plaintiff immediately.

108. At the time of his termination, Defendants refused to pay Plaintiff three weeks of work of 91 working hours each or the value of $3,780.00

109. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

110. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

111. There is close proximity between Plaintiff's protected activity and his termination.

112. The motivating factor which caused Plaintiff's discharge, as described above, was his complaint seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

113. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

114. Plaintiff Vrany Jesus has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

Prayer For Relief

Wherefore, Plaintiff Vrany Jesus respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants CMR Construction and Ervin Umana that Plaintiff Vrany Jesus recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants CMR Construction and Umana Construction to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Vrany Jesus further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Vrany Jesus demands a trial by a jury of all issues triable as a right by a jury.

Date:  November 29, 2022

                Respectfully submitted,

By:  <u>/s/ **Zandro E. Palma**</u>
     ZANDRO E. PALMA, P.A.
     Florida Bar No.: 0024031
     9100 S. Dadeland Blvd.
     Suite 1500
     Miami, FL 33156
     Telephone: (305) 446-1500
     Facsimile:  (305) 446-1502
     zep@thepalmalawgroup.com
     *Attorney for Plaintiff*