UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22- 81856-CV-MIDDLEBROOKS

VRANY JESUS,

    Plaintiff,

v.

CMR CONSTRUCTION
& ROOFING, LLC, et al.,

    Defendants.

_____/

## ORDER GRANTING IN PART JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSING DEFENDANT CMR CONTRUCTION & ROOFING, LLC

THIS CAUSE comes before the Court upon Vrany Jesus' ("Plaintiff) and CMR Construction & Roofing, LLC's ("Defendant") (collectively "Parties") Joint Motion for Settlement Approval and to Dismiss the case with prejudice solely as to Defendant CMR Construction & Roofing, LLC. (DE 27). Having reviewed the Motion and the attached Settlement Agreement (DE 27-1), the Motion is granted in part.

Plaintiff initiated this action on November 29, 2022, alleging violations of the overtime and unpaid minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (DE 1). Plaintiff also alleged retaliation under the FLSA. The Parties now advise the Court that they have settled all claims in this action and move for dismissal. (DE 27). When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a

bona fide dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. District courts have broad discretion in reviewing and approving FLSA settlement agreements. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) (declining to hear an interlocutory appeal seeking clarification of the legal standard to be applied when reviewing FLSA settlement agreements, specifically with respect to non-monetary provisions, deferring to the discretion of district courts).

As to the "Release of Claims, Including FLSA Claims" provision contained in paragraph 4(b), I find the terms to be overbroad and not capable of monetary valuation. (*See* DE 27-1 at 3-4). The general release, and the related terms regarding assignments of other causes of action, cover a broad list of potential future claims, known or unknown. Although I recognize that such provisions may be common practice, in FLSA cases the Court is required to "scrutinize[e] the settlement for fairness" and determine whether the settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Foods*, 679 F. 2d at 1353, 1355. Given the breadth of these provisions and the attenuation to the FLSA claims at issue in this lawsuit, I cannot approve of these specific provisions. However, because I find that the monetary terms and the remainder of the agreement represent a reasonable compromise over contested litigation to resolve bona fide disputes under the FLSA, I will approve of the agreement except for paragraph 4(b).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The Parties' Joint Motion (DE 27) is **GRANTED IN PART**.

(2) The Court **APPROVES IN PART** the Settlement Agreement (DE 27-1). I do not approve Section 4(b) (*See* DE 27-1 at 3-4). I approve the remainder of the Settlement Agreement—including the settlement amount for attorneys' fees and costs—as a fair, adequate, and reasonable settlement of the claims at issue.

(3) This action is **DISMISSED WITH PREJUDICE** as to Defendant CMR Construction & Roofing, LLC.

(4) The Clerk of Court shall **TERMINATE** Defendant CMR Construction & Roofing, LLC.

(5) Defendant CMR Construction & Roofing, LLC's Motion to Dismiss (DE 10) is **DENIED AS MOOT.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 27 day of February, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record